## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LENA BRANCH**
**805 Finch Drive**
**Hyattsville, MD 20785**

    **Plaintiff**

                                        **Civil Action No. 1:16-cv-1713**

    **v.**

**RAYMOND MABUS, SECRETARY**
**2000 Navy Pentagon,**
**Washington D.C. 20350**

---

## COMPLAINT

---

       Plaintiff, by and through her attorneys, brings this action against Defendant United States Department of Navy, and respectfully alleges as follows:

### JURISDICTION

1. Personal jurisdiction exists over Defendant as it does business and has necessary minimum contacts within this district. The Defendant has purposely availed itself of the privilege of conducting activities within the District of Columbia and invokes the benefits and protection of the laws of the state.

2. Subject matter jurisdiction exists through diversity jurisdiction pursuant to 28. U.S C. § 1332 as the action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

3. Federal question jurisdiction exists because this lawsuit is brought under federal law pursuant to 28 U.S.C. §1331.

4. Plaintiff has exhausted her administrative remedies with the EEOC concerning all allegations and claims plead herein.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. §1391(b) as Defendant resides and conducts business in this judicial district and has principal offices in this judicial district.

6. Further venue is also proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

7. Plaintiff Lena Branch is an adult African-American female, a citizen of the United States and employed in the District of Columbia.

8. Defendant Department of the Navy is a United States of America governmental agency with its principal location in the District of Columbia.

## FACTUAL ALLEGATIONS

9. Currently, Plaintiff Lena Branch is a federal employee and works as a Supervisory Logistics Management Specialist, GS-0346-12 for the Defendant's Naval Supply Systems Command Fleet Logistics Center ("NAVSUP"), Norfolk Division. She is stationed at the Joint Base Anacostia-Bolling, DC 20032, Washington D.C. As of today, she is the only person in her organization that performs her duties.

10. In March 2014, Jay Gaul, Site Director, Navy Lieutenant was Plaintiff's first-line supervisor.

11. Daniel Gardner, Deputy Director, was Plaintiff's Second-line supervisor.

12. As of April 201, Plaintiff Lena Branch reported to Sherry Mellon, Site Director. Branch continues to report to Mellon today.

13. In March 2014, Plaintiff was harassed and threatened by Lt. Jay Gaul. Specifically, in March 2014, Plaintiff worked in the Installation Deployment Readiness Center (IDRC). In March 2014, one of Plaintiff's primary responsibilities was to provide protection for classified information. This means that access to the classified room is restricted to personnel with a SIPRNET account and a secret clearance.

14. In March 2014, Lt. Gaul repeatedly insisted that Plaintiff allow him access to the classified room. Despite repeated attempts by Gaul over the course of days, Plaintiff repeatedly informed him that he could not enter the classified room.

15. On one occasion, Plaintiff had a face to face encounter with Lt. Gaul and became very frightened and scared because Lt. Gaul would not leave her office. She relied upon a male friend to escort her and informed security in order to ensure her safety out of the building.

16. In March 2014, Lt. Gaul informed Daniel Gardner about Plaintiff's refusal to allow him in the the secure facility.

17. Before she would file her complaint against Lt. Gaul, Plaintiff requested that Gardner provide her with contact information for the Equal Employment Opportunity ("EEO") office. Gardner asked Plaintiff if she would consider letting them handle the issue "in house."

18. Plaintiff subsequently filed an Inspector General complaint and sought an EEO counselor to file an EEO discrimination complaint against Lt. Gaul in March 2014.

19. In March 2014, Plaintiff Branch applied for the Supervisory Logistics Management Specialist position and was offered the position in April 2014. The new position required Plaintiff to manage the Installation Deployment Center ("IDRC").

20. After getting the job in April 2014, Plaintiff was surprisingly informed by Commander Mark Escoe that in addition to her managing the entire IDRC alone, she would suddenly be required to manage the Mobility Section as well. Both positions were completely different duties than were called for at the time Branch applied for the supervisory role. At the time she applied and got the job, she was never informed of having to manage the Mobility Section.

21. In May 2014, during a Mobility Section meeting, Plaintiff was told by Gardner that she had a deadline of July 2014 to have the Mobility Section stood up for full operations. Gardner threatened Plaintiff that if she did not have the Mobility Section stood up and fully operational by July 2014, she would risk losing her job. Plaintiff immediately contacted Labor and Employee relations representatives.

22. In June 2014, Gardner suggested that Plaintiff Branch would be relieved from having to fulfill the unacquainted and irregular assignment of standing up the Mobility Section.

23. However, in October 30, 2014, at the direction of her supervisor Sherry Mellon, Defendant's Gardner reversed his decision and once again ordered Branch to stand the Mobility Section. Branch became overwhelmed with anxiety and stress.

24.  In October 2014, Defendant forced Plaintiff to move into a completely separate building and away from her primary job function and responsibilities for her position. For example, one of her primary daily duties required her to have access to highly classified equipment. However, the sudden move would result in a complete work stoppage for Plaintiff. All of

Plaintiff's job duties in her original building were performed using her Air Force NIPR and SIPR NET equipment (telephone, computer, printer, scanner, shredder, etc.). But the move would prohibit her from any access to the vital equipment needed to perform her job functions in the new building.

25. In November 2014, as a result of being placed in the new building, Plaintiff missed two very "hot actions" required by the terms and conditions of her position with Defendant.

26. As a result of the continuous stress and work environment, On June 22, 2015, Plaintiff was hospitalized and diagnosed with a serious neurological disability (e.g. "stroke"). Plaintiff's doctors attributed the the diagnosis to Plaintiff's continuous hostile working conditions at the hands of Defendant.

27. On June 23, 2015, Plaintiff's sister called and informed Sherry Mellon that she was hospitalized, out for work and would need to take time off due to the serious medical condition.

28. On June 24, 2015, Plaintiff's sister informed Mellon that she was still hospitalized and needed to be out of for the week.

29. On July 14, 2015, Plaintiff informed and provided Mellon of her note from her Neurological Doctor who stated that she would need up until late August 2015 before she could return to back into the office.

30. In August 2015, Plaintiff received a letter from Mellon dated July 2015 proposing a 14-calender day suspension.

31. In August 2015, Plaintiff contacted the EEO alleging and complaining that she had been discriminated, retaliated against and experienced hostile working conditions at the hands of the Defendant and its agents.

32. In September 2015, Plaintiff was issued a 2-day suspension by her supervisor Mellon. The suspension remains in her personnel file today and has prohibited her from being able to gain other employment as a civil servant to the military.

33. In August 2016, subsequent to her EEO investigation, Plaintiff was issued a 10-day calendar suspension.

## COUNT 1 – FAILURE TO ACCOMMODATE IN VIOLATION OF THE REHABILITATION ACT

34. Plaintiff incorporates all paragraphs herein *seriatim.*

35. Defendant failed to accommodate Plaintiff after it was notified that Plaintiff suffered from her debilitating illness and would need accommodations.

36. Plaintiff's pray for judgment against Defendant for all damages allowable by law, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## COUNT 2 – DISPARATE TREATMENT IN VIOLATION OF REHABILITATION ACT OF 1973

37. Plaintiff incorporates all paragraphs herein *seriatim.*

38. Plaintiff was a qualified individual within the meaning of the Act, was qualified to perform the essential functions of the job with or without reasonable accommodation, and has suffered an adverse employment action because of her disability.

39. Plaintiff's pray for judgment against Defendant for all damages allowable by law, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate,

post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## COUNT  3 – RETALIATION IN VIOLATION OF REHABILIATION ACT

40. Plaintiff incorporates all paragraphs herein *seriatim.*

41. Plaintiff sought reasonable accommodation and was subsequently retaliated or subject to adverse action as result of her protected activity.

42. Plaintiff further complained about discrimination to the EEO and Inspector General regarding the discriminatory conduct of Lt. Jay Gaul and was subject to adverse action as a result of her protected activity.

43. Plaintiff's pray for judgment against Defendant for all damages allowable by law, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## COUNT  4 – HOSTILE WORK ENVIRONMENT - TITLE VII

44. Plaintiff incorporates all paragraphs herein *seriatim.*

45. Defendant's severe and pervasive conduct subjected Plaintiff to psychological injury or illness.

46. Plaintiff's pray for judgment against Defendant for all damages allowable by law, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court,

the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## COUNT 5 – RETALIATION IN VIOLATION OF TITLE VII

47. Plaintiff incorporates all paragraphs herein *seriatim.*

48. Plaintiff engaged in a protected activity when she complained of discrimination against Lt. Gaul. Defendant subsequently took adverse action against. Her.

49. Plaintiff's pray for judgment against Defendant for all damages allowable by law, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lena Branch prays for judgment in her favor and against Defendant for: any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, relief pleaded in the preceding paragraphs, and such other and further relief as Plaintiff may be entitled to by bringing this action.

### JURY DEMAND

### PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE

Respectfully submitted and dated this 23rd day of August, 2016.

### EMEJURU & NYOMBI LLC

By: /s / Ikechukwu Emejuru
     Ikechukwu "Ike" Emejuru, Bar No. 19262
     Andrew Nyombi, Bar No. 19353
     Emejuru & Nyombi L.L.C.
     Attorneys and Counselors at Law
     8403 Colesville Road
     Suite 1100
     Silver Spring, MD 20910
     Telephone: (240) 638 – 2786
     Facsimile: 1-800-250-7923
     iemejuru@enylaw.com
     anyombi@enylaw.com

     ATTORNEYS FOR PLAINTIFF